The Lyric Company, Inc. ("Lyric"), appeals from a judgment entered by the Etowah Circuit Court in favor of Diana G. Stamps,[1] granting Stamps's motion to dismiss. We reverse and remand.
On January 10, 2005, Lyric filed a complaint against Stamps in which it alleged that she owed Lyric $16,320.22 in principal and interest on an account. Lyric attached to its complaint an affidavit from one of the principals of Lyric in which the principal testified that she was familiar with Stamps's account with Lyric and that the statement of account attached to the complaint reflecting a principal balance owed in the amount of $9,038.58 was "just and correct and that all proper credits have been given and that the balance as indicated is due and payable."
On January 31, 2005, Stamps, acting pro se, filed a "verified motion to dismiss." In that motion, Stamps stated as follows:
 "1. I have never had an account with The Lyric Company or CitiBank, that I am aware of.
 "2. I have never resided in Rainbow City, Alabama.
 "3. If someone used my Social Security Number, they did so without my knowledge or consent."
By order dated February 10, 2005, the trial court set the motion to dismiss for a hearing on March 9, 2005. The order contained a certificate of service indicating service thereof on the parties as of February 10, 2005; however, the order bears a stamp indicating that it was "filed" by the circuit court on February 14, 2005.
On March 9, 2005, the trial court held the scheduled hearing on Stamps's motion to dismiss. Neither Lyric's attorney nor a representative for Lyric appeared at the hearing. The trial court took testimony from Stamps, who was present for the hearing. The trial court entered a judgment in Stamps's favor on March 11, 2005. Its order stated, in its entirety:
 "This cause came to be heard on March 9, 2005 on Defendant's Motion to Dismiss. The Defendant appeared pro se. The Plaintiff nor their attorney appeared. The Court contacted the Plaintiffs attorney by phone prior to the hearing and he conceded he had notice. The Court advised him testimony would be taken and an Order issued accordingiy.
 "Premises considered, based upon the testimony of the Defendant, her Motion is due to be granted.
 "It is therefore ORDERED, ADJUDGED AND DECREED this action be dismissed with prejudice. The Plaintiff is further ordered to clarify and correct, if needed, any misinformation provided to any credit reporting agency concerning the Defendant. Failure to do so could result in additional contempt proceedings."
Lyric filed a motion to alter, amend, or vacate the judgment, which the trial court denied.
Lyric appeals, contending that the trial court either conducted a trial on the merits on March 9, 2005, without complying with the notice requirements prescribed by the Alabama Rules of Civil Procedure, or that it treated Stamps's "motion to dismiss" as one for a summary judgment and erred in granting it. Based on the nature of the motion filed by Stamps, the content and timing of the trial court's February 10 order, and the abbreviated procedural history *Page 312 
of this case, we cannot conclude that the trial court intended to or did conduct a trial on the merits of this case on March 9, 2005. Clearly, if it did, it failed to provide proper notice thereof. See Rule 40, Ala. R. Civ. P. ("The trial of actions shall be set by entry on a trial docket or by written order at least sixty (60) days before the date set for trial . . . .").
Accordingly, the trial court's order of March 11, 2005, can be upheld, if at all, only as an order entering a summary judgment in favor of Stamps. See Rule 12(b), Ala. R. Civ. P.; and Hornsby v. Sessions, 703 So.2d 932, 937
(Ala. 1997) ("When matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment.). Among other things, however, Lyric challenges the appropriateness of such a summary judgment on the ground that there was substantial evidence creating a genuine issue of material fact.
"In order to grant a motion for a summary judgment, the court must deter-mine that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to a judgment as a matter of law."Dellocono v. Thomas Hosp., 894 So.2d 694, 695
(Ala.Civ.App. 2004). Our review of a trial court's summary judgment is de novo, and we do not presume that the trial judge's ruling was correct. Id.
Stamps's verified motion is equivocal in its denial of having ever had an account with Lyric. Moreover, her statements that she has never resided in Rainbow City, Alabama, and that if someone used her Social Security number, they did so without her knowledge, do not directly contradict the allegations of the complaint. Even if her motion did contain statements that directly contradicted the complaint, however, the fact remains that the complaint itself is verified. Specifically, as noted, the complaint is accompanied by an affidavit by which a principal of Lyric asserted, among other things, that the account in Stamps's name is "just and correct" and that the balance of the account is "due and payable." These averments are sufficient to create a genuine issue of material fact as to whether Stamps is indebted to Lyric, and, as a result, they are sufficient to prevent the entry of a summary judgment.[2]
Because summary judgment was inappropriate, we reverse the trial court's judgment and remand the case for further proceedings.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] In her filings. Stamps refers to herself as "Diane G. Stamps Stewart." The record does not reflect the basis for Lyric's reference to her by a different name. For purposes of conforming this opinion to the case style, we will refer to her herein as "Stamps."
[2] The fact that testimony was taken at the March 9 hearing does not change the fact that Lyric's sworn statement constitutes substantial evidence creating a genuine issue of material fact.